UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| LLOYD YANKTON, JR., <br><br> Movant, <br><br> vs. <br><br> UNITED STATES OF AMERICA, <br><br> Respondent. | 5:25-CV-05093-KES <br><br><br> ORDER GRANTING RESPONDENT'S MOTION TO EXTEND AND MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL |

Movant, Lloyd Yankton, Jr., filed a motion under 28 U.S.C. § 2255 to vacate, correct, or set aside his sentence. Docket 1. The court granted the United States's motion to dismiss and entered judgment in favor of the United States and against Yankton on April 27, 2026. Dockets 10, 11. Yankton has filed a notice of appeal, which is dated June 29, 2026, and postmarked July 2, 2026. Docket 18. Along with his notice of appeal, Yankton filed a motion to extend his time to appeal (Docket 16) and motion for leave to proceed in forma pauperis on appeal (Docket 17).

## I.    Motion to Extend

Federal Rule of Appellate Procedure 4(a)(5)(A)(i) provides that the "district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires[.]" Fed. R. App. P. 4(a)(5)(A)(i). In this case, because the United States is a party,

Yankton's time prescribed under Rule 4(a) expired on June 26, 2026.[1] *See* Fed. R. App. P. 4(a)(1)(B)(i). Yankton's motion to extend (Docket 16) is timely, and there is good cause to extend his time to appeal because he is being moved between institutions. Thus, Yankton's motion to extend (Docket 16) is granted.

## II.    Motion for Leave to Proceed In Forma Pauperis on Appeal

The Eighth Circuit historically has looked to district courts to rule on in forma pauperis motions for appeal and has held that the filing-fee provisions of the Prison Litigation Reform Act do not apply to habeas corpus actions. *Malave v. Hedrick*, 271 F.3d 1139, 1140 (8th Cir. 2001) (per curiam). To determine whether a habeas petitioner qualifies for in forma pauperis status, the court need only assess (1) whether the petitioner can afford to pay the full filing fee, and (2) whether the petitioner's appeal is taken in "good faith." 28 U.S.C. § 1915(a)(1), (3). Federal Rule of Appellate Procedure 24(a)(3) also provides that "[a] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization" unless the district court certifies that the appeal is not taken in good faith. Fed. R. App. P. 24(a)(3).

---

[1] Yankton previously moved for an extension of time to file a notice of appeal. Docket 13. When the court granted Yankton's motion to extend, the order stated that Yankton's prescribed time to appeal was 30 days, which was an error. *See* Docket 14. Thus, when the court granted Yankton's initial motion to extend, which was timely under Fed. R. App. P. 4(a)(5)(A)(i), the court should have extended Yankton's time to appeal until July 27, 2026. Under this scenario, Yankton's notice of appeal (Docket 18) is timely, and his second motion to extend (Docket 16) is moot.

Yankton's appeal appears to be taken in good faith. In his underlying criminal proceeding, *United States v. Yankton*, 5:23-CR-50117-KES-1 (D.S.D.), Yankton was determined to be financially unable to obtain an adequate defense and was represented by the federal public defender. *Id.* at Docket 12. Yankton's application to proceed in forma pauperis on appeal demonstrates his inability to pay the $605.00 appellate filing fee. *See* Docket 17.

## III. Conclusion

It is ORDERED:

1.    That Yankton's motion to extend the time to appeal (Docket 16) is granted.

2.    That Yankton's motion for leave to proceed in forma pauperis on appeal (Docket 17) is granted.

DATED July 7, 2026.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

3